## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | |
| --- | --- |

**Debtor 1**   Catherine Dorsey
First Name    Middle Name    Last Name

**Debtor 2**
**(Spouse, if filing)**   First Name    Middle Name    Last Name

**Case Number**   19 - 10719
**(If known)**

☐ Check if this is an amended plan.

### CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.   **Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.**

    (a)   This plan:   ☒ contains nonstandard provisions. See paragraph 15 below.
                              ☐ does not contain nonstandard provisions.

    (b)   This plan:   ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
                              ☒ does not value claim(s) that secures collateral.

    (c)   This plan:   ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
                              ☒ does not seek to avoid a lien or security interest.

2.   **Plan Payments.**

    (a)   The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **340.00 per month**  for the applicable commitment period of:

        ☐ 60 months; **or**

        ☒ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

        (If applicable include the following:  These plan payments will change to $_____ monthly on _____ , 20_____.)

    (b)   The payments under paragraph 2(a) shall be paid:

        ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan.  Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

                ☐ Debtor 1 _____ %    ☐ Debtor 2 _____ %

        ☒ Direct to the Trustee for the following reason(s):
                ☒ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
                ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    _____

    (c)   Additional Payments of $_____ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3.  **Long-Term Debt Payments.**

(a)  **Maintenance of Current Installment Payments.**  The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |

(b)  **Cure of Arrearage on Long-Term Debt.**  Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| | | | | |

4.  **Treatment of Claims.**  From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a)  **Trustee's Fees.**  The Trustee percentage fee as set by the United States Trustee.

(b)  **Attorney's Fees.**  Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **2,250.00** .

(c)  **Priority Claims.**  Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d)  **Fully Secured Allowed Claims.**  All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(e)  **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).**  The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a

purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Farmers Furniture | Personal Property | $1,475.00 | 2% | Min. of $25.00 |
| SRP Federal Credit Union, formerly VAH Federal Credit Union | Kia Motor Vehicle | $12,841.00 | 5.99% | Min. of $245.00 |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100% ☐ with interest at _____ % per annum **or** ☐ without interest:

_____

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0** % dividend or a pro rata share of $ **0** , whichever is greater.

5. **Executory Contracts.**

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/ REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTOR(S) |
|---|---|---|---|---|
| Marion & Gloria Chennault | Residential Lease | Assumed | $111.00 | Debtor |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| Marion & Gloria Chennault | $ - 0 - |

GASB – Form 113 [Rev. 12/1/17]                                                                 Page **3** of **5**

6.   **Adequate Protection Payments.**  The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors:  ☐ Direct to the Creditor; **or** ☑ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
| --- | --- |
| SRP Federal Credit Union,, formerly VAH Federal Credit Union | $120.00 |

7.   **Domestic Support Obligations.**  The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here.  See 11 U.S.C. § 101(14A).  The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
| --- | --- |

8.   **Lien Avoidance.**  Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349,  with respect to the property described below.  The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
| --- | --- | --- |

9.   **Surrender of Collateral.**  The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan.  The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
| --- | --- | --- |
| Pentagon Federal Credit Union | Chrysler Motor Vehicle | In Full Satisfaction of Debt |

10.   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.   **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.   **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: 6-5-19

X _Catherine Dorsey_
*Debtor 1*

_____
*Debtor 2*

_____
*Attorney for the Debtor(s)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION upon the following parties via CM/ECF electronic mail:

Huon Le
[VIA ECF]

Office of the U. S. Trustee
[VIA ECF]

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

SEE ATTACHED EXHIBIT "A"

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN AND MOTION on the following corporations, addressed to an Agent or Officer, by First Class Mail, placing same in the United States Mail with proper postage affixed thereon, to the following addresses:

N/A

I hereby certify that I have served a copy of the within and foregoing CHAPTER 13 PLAN MOTION on the following insured depository institutions, addressed to an Officer of the institution, by Certified Mail with proper postage affixed thereon, to the following addresses:

N/A

This 6th day of June, 2019.

_____
Charles W. Wills
Attorney for Debtor

Wills Law Firm, LLC
P.O. Box 1620
Thomson, GA 30824
706-595-8100

EXHIBIT "A"

Label Matrix for local noticing
113J-1
Case 19-10719-SDB
Southern District of Georgia
Augusta
Thu Jun  6 08:54:42 EDT 2019

ASHRO
1112 7TH AVENUE
MONROE WI 53566-1364

ATHENS ORTHOPEDIC CLINIC
C/O CHOICE RECOVERY
1550 OLD HENDERSON ROAD, SUITE 100
COLUMBUS OH 43220-3626

COMENITY BANK
BANKRUPTCY DEPARTMENT
P.O. BOX 182125
COLUMBUS OH 43218-2125

Catherine Dorsey
1271 Lexington Road NW
Crawfordville GA 30631-2525

Charles W. Wills
Wills Law Firm, LLC
318 Jackson Street
P.O. Box 1620
Thomson, GA 30824-5620

DISH NETWORK
DEPT 0063
PALATINE IL 60055-0063

DISH NETWORK
P.O. BOX 94063
PALATINE IL 60094-4063

DIVERSIFIED CONSULTANTS, INC
P.O. BOX 551268
JACKSONVILLE FL 32255-1268

(p)FARMERS FURNITURE
ATTN CORPORATE CREDIT DEPT
PO BOX 1140
DUBLIN GA 31040-1140

GOODY'S/COMENITY BANK
P.O. BOX 182789
COLUMBUS OH 43218-2789

Huon Le
P.O. Box 2127
Augusta, GA 30903-2127

(via CM/ECF)

MARION & GLORIA CHENNAULT
1387 SPRINGFIELD ROAD
UNION POINT GA 30669-3976

MERCHANTS ADJUSTMENT SERVICE
56 NORTH FLORIDA STREET
MOBILE AL 36607-3108

MONTGOMERY WARD
1112 7TH AVENUE
MONROE WI 53566-1364

Office of the U. S. Trustee
Johnson Square Business Center
2 East Bryan Street, Ste 725
Savannah, GA 31401-2638

(via CM/ECF)

(p)PENTAGON FEDERAL CREDIT UNION
ATTN BANKRUPTCY DEPARTMENT
P O BOX 1432
ALEXANDRIA VA 22313-1432

(p)SRP FEDERAL CREDIT UNION
PO BOX 6730
NORTH AUGUSTA SC 29861-6730

WILLS MEMORIAL HOSPITAL
P.O. BOX 370
WASHINGTON GA 30673-0370

Charles W. Wills
Wills Law Firm, LLC
P.O. Box 1620
318 Jackson Street
Thomson, GA 30824-2901

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

FARMERS FURNITURE
P.O. BOX 1140
DUBLIN GA 31040-1140

PENTAGON FEDERAL CREDIT UNION
P.O. BOX 1432
ALEXANDRIA VA 22313

SRP FEDERAL CREDIT UNION
FORMERLY AUGUSTA VAH FED. CREDIT UNION
P.O. BOX 6730
NORTH AUGUSTA SC 29861

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Catherine Dorsey
1271 Lexington Road NW
Crawfordville, GA 30631-2525

End of Label Matrix
Mailable recipients    19
Bypassed recipients     1
Total                  20